REQUESTED BY: Senator Rex Haberman Member of the Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
In your letter of December 9, 1981, you say that you intend to introduce a bill during the next session of the Legislature that would increase the cigarette tax imposed by Neb.Rev.Stat. § 77-2616 (Supp. 1981) by two cents. You ask whether there would be constitutional problems if the Legislature were required by statute to appropriate each year from the general fund to the Department of Correctional Services the estimated revenue derived from the two cent increase, to be used for the administration, staffing, and building of minimum security facilities. We conclude that no valid provision of this sort could be enacted.
An appropriation bill is legislation. Legislation is a discretionary action taken by the Legislature. By what possible right could the 1982 Legislature, in the exercise of its discretionary legislative power, limit the discretionary legislative power of the 1985 Legislature? To permit it would be a denial of the democratic form of government, by which the voters from time to time elect representatives to accomplish the purposes desired by the people, as reflected by their votes.
Obviously, future Legislatures could always repeal such a provision, but we do not believe that is necessary. A repeal might be met with a veto which could not be overridden. It is our conclusion that the Legislature simply lacks the power to require future Legislatures to legislate in this way.
We believe such a statute, if regarded as a continuing appropriation, would be in violation of Article III, Section22 of the Nebraska Constitution, which provides in part: `Each Legislature shall make appropriations for the expenses of the Government.' In effect, such a statute would amount to the 1982 Legislature's exercising future Legislatures' appropriation power. Article III, Section 22 formerly provided that all appropriations should end at the expiration of the first fiscal quarter after the adjournment of the next regular session of the Legislature. This provision was eliminated in 1972, but we believe the remaining portion, quoted above, still reserves to `each Legislature' the right to make current appropriations, and prevents one Legislature from usurping the function as to future Legislatures.
While the court in Rein v. Johnson, 149 Neb. 67,30 N.W.2d 548 (1947) was interpreting the old version of Article III, Section 22, we believe its reasoning is still applicable. The court said:
 The object and purpose of such a constitutional provision was to render all departments of the state government dependent upon the will of the people as expressed by their duly elected representatives, and to require such departments of government, except as otherwise provided in the Constitution, to return to that source at regular stated intervals for the necessary means of existence, because the people have learned and will continue to learn that the very preservation of their liberty depends largely upon control of the purse by their periodically elected representatives. State ex rel. Norfolk Beet-Sugar Co. v. Moore, supra.
In an opinion of this office dated June 28, 1978, Report of the Attorney General 1977-78, page 397, we discussed a bill which would have imposed a five percent limit on state budget increases. We quoted the first sentence of Article III, Section 22, and said:
 This particular piece of legislation is an attempt by this Legislature to limit the constitutional power of the next Legislature to make appropriation for the expenses of government. While the subsequent Legislature could voluntarily honor such an intention to limit expenditures expressed in a bill such as LB 4, it would have no constitutionally binding effect on the subsequent Legislature.
We believe a requirement that a future Legislature make a specific appropriation is at least as constitutionally offensive as a limitation upon the future Legislature's power to appropriate. We therefore conclude that a provision such as you suggest would be difficult or impossible to defend or enforce.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General